**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Zeke Graf

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEKE GRAF, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>MATCH.COM, L.L.C.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>(1) **CALIFORNIA CIVIL CODE §§ 1694, ET SEQ.;**<br><br>(2) **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.; AND,**<br><br>(3) **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17535, SET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. Plaintiff ZEKE GRAF ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of MATCH.COM, L.L.C ("Defendant") with regard to Defendant's practice of forcing California consumers to enter into illegal contracts in violation of California Civil Code §§ 1694, et seq.; California's Unfair Competition Law, California Business & Professions Code §§ 17200, et seq. (the "UCL"); and, California Business & Professions Code § 17535.

2. This Action seeks to enjoin Defendant's practices of unlawfully forcing California consumers to enter into contracts that required said consumers to waive important protections afforded by the California Legislature.

3. Defendant's conduct is a scheme carried out by Defendant which involves making significant amounts of money from California consumers through false, deceptive, and misleading means throughout the period covered by the applicable statute of limitations.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in the State of Texas and State of Incorporation in the State of Delaware. Plaintiff also seeks three times actual damages per violation pursuant to Cal. Civ. Code § 1694.4, which, when aggregated among a proposed class number in the hundreds of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of San Luis Obispo, State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Delaware and headquartered in the State of Texas.

12. Plaintiff further alleges that, beginning in April of 1995, Defendant "helped pioneer the online dating industry and now services 24 countries and territories and hosts Web sites in 15 different languages." *See* http://www.match.com/help/aboutus.aspx?lid=4.

///

13. In operating this online dating website, Defendant requires California consumers to enter into a "dating service contract" as that term is defined by Cal. Civ. Code § 1694. A "dating service contract" is any contract with any organization that offers dating, matrimonial, or social referral services by any of the following means: (a) [a]n exchange of names, telephone numbers, address, and statistics; (b) [a] photograph or video selection process; (c) [p]ersonal introductions provided by the organization at its place of business; and, (d) [a] social environment provided by the organization intended primarily as an alternative to other singles' bars or club-type environments.

## FACTUAL ALLEGATIONS

14. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times relevant, Defendant made and continues to make marketing efforts to solicit the business of California consumers.

16. In or about 2012, Plaintiff paid $30 per month to join Defendant's online dating service ("Match.com") for approximately three months.

17. Upon joining Match.com, consumers like Plaintiff are required to enter their names, telephone numbers, addresses and statistics into Defendant's system. In addition, said consumers will also upload photographs and/or videos to Match.com.

18. At the time Plaintiff joined Defendant's online dating service, Defendant's contract with California consumers failed to include clauses as required by Cal. Civ. Code § 1694, et seq.

19. Specifically, Cal. Civ. Code § 1694.2(b) requires that "[e]very dating service contract contain on its face, and in close proximity to the space reserved for the signature of the buyer, a conspicuous statement in a size equal to at least 10-point boldface type, as follows:

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**You, the buyer, may cancel this agreement, without any penalty or obligation, at any time prior to midnight of the original contract seller's third business day following the date of this contract, excluding Sundays and holidays. To cancel this agreement, mail or deliver a signed and dated notice, or send a telegram which states that you, the buyer, are cancelling agreement, or words of similar effect. This notice shall be sent to: [Name of the business that sold you the contract, Address of the business that sold you the contract].**

20. In addition, Defendant's contract also failed to include the name and address of the dating service operator to which the notice of cancellation was to be mailed on the first page of Match.com's contract in violation of Cal. Civ. Code § 1694.2(c).

21. If a dating service contract is not in compliance with Cal. Civ. Code §§ 1694, et seq., the buyer may, at any time, cancel the contract. *See* Cal. Civ. Code § 1694.2(e).

22. At the time Plaintiff joined Match.com, Defendant failed to provide Plaintiff with notice of Plaintiff's right to cancel Plaintiff's contract with Defendant, as set forth herein, in violation of Cal. Civ. Code §§ 1694, et seq.

23. In fact, Defendant's contract explicitly stated that Plaintiff's subscription with Defendant would remain active until the end of Plaintiff's subscription period following Plaintiff's cancellation of said dating service contract.

24. As a result of Defendant's violations as alleged herein, Defendant's contract for dating services was "void and unenforceable." Cal. Civ. Code § 1694.4(a).

25. The material circumstances surrounding this experience by Plaintiff were the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members were required to pay, and did pay, money for this subscription marketed and sold by Defendant.

///

26. These acts and omissions described herein constitute unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL").

## CLASS ALLEGATIONS

27. Plaintiff brings this action, on behalf of himself and all others similarly situated ("the Class").

28. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within California who purchased a subscription from Defendant via Defendant's website that failed to include the Notice of said consumer's right to cancel the contract with Defendant within the four years prior to the filing of this Complaint.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

   a. ***Numerosity***: The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class impracticable. The class members are dispersed throughout California. Joinder of all members of the proposed class is therefore not practicable.

///
///
///

    b. ***Commonality***: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i) Whether Defendant's contract contains a notice of consumers' rights to cancel said contract as required by Cal. Civ. Code § 1694.2(b);

        ii) Whether Defendant's contract contains the name and address of the dating service operator to which a notice of cancellation should be sent as required by Cal. Civ. Code § 1694.2(c);

        iii) Whether Defendant's contract is void;

        iv) Whether Defendant's contract is unenforceable;

        v) Whether Plaintiff and the Class are entitled to damages as a result of Defendant's conduct;

        vi) Whether Plaintiff and the Class are entitled to reasonable attorneys' fees;

        vii) Whether Plaintiff and class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535; and,

        viii) Whether such practice violates California Business and Professions Code § 17200.

    c. ***Typicality***: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

    d. ***Adequacy of Representation***: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class

      members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

    e. **Superiority of Class Action:** A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiff and class members have suffered or may suffer loss in the future by reason of Defendant's unlawful policies and/or practices of not complying with the statutes described herein. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full restitution to class members, and will thereby effectuate California's strong public policy of protecting the California public from violations of its laws. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most class members to bring individual actions to recover monies due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

31. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

32. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

## CLASS CAUSES OF ACTION CLAIMED BY PLAINTIFF

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 1694, ET SEQ.

### [AGAINST ALL DEFENDANTS]

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has engaged in the practice of forcing California consumers to enter into illegal contracts for dating services.

30. The foregoing acts and omission constitute numerous and multiple violations of Cal. Civ. Code § 1694, et seq.

31. As a result of each and every violation, Plaintiff, and the putative class members, are entitled to three times actual damages pursuant to Cal. Civ. Code § 1694.4(c). In addition, Plaintiff, and the putative class members are also entitled to reasonable attorney fees pursuant to Cal. Civ. Code § 1694.4(c) as well.

### SECOND CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

### [CALIFORNIA'S UNFAIR COMPETITION LAW]

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

34. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

35. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

### "UNLAWFUL" PRONG

36. As a result of Defendant's acts and practices in violation of Cal. Civ. Code § 1694, et seq., Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

37. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as adequately disclosing the notice of consumers' rights to cancel contacts with Defendant.

38. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### "UNFAIR" PRONG

39. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair

business act or practice for Defendant to knowingly or negligently fail to adequately disclose the notice of a consumer's right to cancel contracts pursuant to Cal. Civ. Code § 1694, et seq.

40. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

41. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to require California consumers to enter in contracts that violate Cal. Civ. Code § 1694, et seq. and Cal. Bus. & Prof. Code §§ 17200, et seq.

### FRAUDULENT

42. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

43. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

44. Here, absent the disclosures required by Cal. Civ. Code § 1694, et seq. California consumers were never informed of their rights to cancel any contract with Defendant. As such, said consumers were deceptive deceived into believing that said consumers had to continue to incur fees and costs to Defendant while said consumer's subscription was coming to an end.

45. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### THIRD CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17535, ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Cal. Bus. & Prof. Code § 17535, et seq. (the "UCL") allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

48. Beginning at an exact date unknown to Plaintiff, but prior to 2011, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Civ. Code § 1694, et seq.

49. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and class members in the form of payments made for subscription agreements by Plaintiff and class members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

50. Plaintiff and similarly situated class members are entitled to injunctive relief under restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by class members under the subscription agreements during the applicable statute of limitations to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and

gains it has reaped and restore such profits and gains to Plaintiff and class members, from whom they were unlawfully taken.

51. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

52. Plaintiff, on behalf of himself and similarly situated class members, request relief as described below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members damages against Defendant and relief as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class counsel;
- That the Court find and declare that Defendant has violated Cal. Civ. Code § 1694, et seq. by failing to disclose the notice of California consumer's ability to cancel contracts with Defendant;
- That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Civ. Code § 1694, et seq.
- That the Court find that Plaintiff and class members are entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535;
- That the Court find that Defendant is in possession of money that belong to Plaintiff and class members that Defendant has not returned the money;
- That the Court award Plaintiff and the Class damages and/or full restitution in the amount of the subscription payments made by them pursuant to Cal. Civ. Code § 1694, et seq. in an amount to be proved at trial;

- An order requiring Defendant to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff and the Class be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and
- Any and all other relief as this Court may deem necessary or appropriate.

Dated:  April 20, 2015                                      Respectfully submitted,

                                                                   **KAZEROUNI LAW GROUP, APC**

                                                                   By:  ___/s/ Matthew M. Loker___
                                                                           MATTHEW M. LOKER, ESQ.
                                                                           ATTORNEY FOR PLAINTIFF

///

///

///

///

///

///

///

# TRIAL BY JURY

33. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated: April 20, 2015                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
      MATTHEW M. LOKER, ESQ.
      ATTORNEY FOR PLAINTIFF